We advise the attorneys that each side will have approximately 15 minutes to present oral argument and from that the appellant may save out some time for rebuttal. We'll call the case and if both attorneys would step up and identify yourselves for the record. Case number 10-3127, Bradley Dovalina v. John Conley. Mr. Barlow, you may step up and proceed. May it please the court, counsel, and ladies and gentlemen, my name is John Barlow and I represent the plaintiff, Appellant Bradley Dovalina. This case comes before the court by virtue of an appeal taken by Plaintiff Appellant of an opinion and order entered on September 21, 2010 by the trial court. That order was entered during supplemental proceedings in this case and reduced the final judgment in this case from $128,101.20 to $50,000. That order was entered more than 28 months after entry of the judgment. The basis for the entry of that order was plaintiff's failure to attach an affidavit of damages to his complaint pursuant to Supreme Court Rule 222. The court based its order on an erroneous interpretation of Supreme Court Rule 222 and the Fourth District Appellate opinion of Brady v. Marcini. For the following reasons, this court should reverse the trial court's order and reinstate the original judgment of $128,101.20. This case is pretty simple and straightforward. The issues are, does Rule 222 apply to this particular case? Two, does no affidavit of damages pursuant to Rule 222 require the trial court to reduce the judgment to $50,000? Three, is the judgment void? And four, if the judgment is not void, was the motion to vacate timely? The facts are pretty straightforward. Mr. Dovalina filed his original complaint in three counts on March 24, 2006. That complaint sought damages for personal injuries inflicted by the defendant. Defendant Connolly was personally served on July 6 of 2006. After being personally served with the complaint, he failed to appear in the case. We kind of know the history. Let me ask you this. Yes. Why don't we discuss, you're of the opinion that Rule 222 doesn't necessarily apply and that an affidavit isn't required. Correct. All right. Why don't we talk about that? Very well. I think all you need to do is look at the plain language of Rule 222. From both the title of the rule and the very first sentence, it's clear that it applies to certain cases but not all cases. I believe what the trial court held essentially and what the defendant argues is that it applies to all cases across the board. You must attach a rule or an affidavit stating whether you're asking for damages in excess of or less than $50,000. Now, so would you agree that the Grady case, that we shouldn't follow it or that it incorrectly interpreted it? I mean, the rule first in A says what it applies to. Correct. Only three kinds of cases. Right. And so in this case, the initial complaint that was filed sought over $50,000. That's correct. All right. And so B, in Grady, they kind of went to B first and then they went back to A. What does A say? A says, this rule applies to all cases subject to mandatory arbitration, civil action seeking money damages not in excess of $50,000, exclusive interest and cost, and to cases for the collection of taxes not in excess of $50,000. So in A, if you look at A, it already excludes cases where damages are being sought in excess. Correct. And then B says that you have to file this affidavit. Now, your reasonable, or at least your interpretation is, is that B doesn't require that an affidavit be filed in all cases. That's correct. It applies clearly to the cases in which the rule is designed to cover. Dovalina's complaint is clear and unambiguous. Each of the addendums in each of the three counts pleads for in excess of $50,000. All right. So what do you say about Grady v. Marchini? Well, Grady v. Marchini, as the Court probably knows, is the only case that really addresses this issue. Grady 1 is distinguishable because the complaint in Grady. Sought $15,000. Correct. It did not seek in excess of $50,000 and would not in any reasonable interpretation of the complaint put the defendant on notice that he was exposed to a damage award in excess of $50,000. I think it's clear that Rule 222 is designed and the purpose of the rule is to protect defendants from surprise. Well, is that the purpose of the rule? I believe it is. Or was the real purpose of the rule to limit discovery in cases where damages are being sought for less than a certain amount? It certainly does that. Where do we get this intent that it's, well, I suppose from the language. So it has two purposes. Correct. I believe it does. Clearly it's designed in certain cases to limit the cost of litigation. I think the Court understands that the cost of litigation, especially in Cook County, but in all counties in Illinois, can be many times burdensome in excess of the damages sought. So I think that's what the rule is fairly well designed to do. In the cases it applies to, which are the cases that it sets forth in A, cases in asking for damages in less than an amount of $50,000, it limits the discovery. It says do these things automatically. You make certain disclosures. You do certain things. You're limited to certain interrogatories. And it tries to put its arms around the amount of discovery that parties do in cases where the amount at issue isn't in excess of $50,000. Did you ask to file an affidavit or amend an affidavit after the trial judge decided to vacate the portion of the damages? Did not judge. I was not counsel. I was hired to collect the judgment after it was entered, a considerable time after it was entered. So when Grady says that this requires an affidavit in every case, do you agree with that or disagree with that? I certainly disagree with that. I don't believe it requires an affidavit in every case. In this particular case, in Grady, not only did the Adanim ask for $15,000, that case was designated as an LM case, what they call a law magistrate in Champaign County. But it was clearly treated as a case seeking less than $50,000 in damages. So in that case, the defendant could have reasonably argued he was surprised when the verdict came in at $97,000. And that's what I think Grady stands for. And I think in Grady, I would also urge the Court to review the 2011 Fourth District decision in Diaz v. ADM, which was a Rule 23 decision and therefore not precedent for this case. Do you believe the rule allows you to even cite this to us? No. What I'm suggesting is that the reasoning in that case on this particular issue is persuasive and it's from the Fourth District. I know. But the rule doesn't allow you to refer to it. Very well. Then I'll move on, Judge. But who wrote that decision? That decision was written by Judge Thomas Little. I'm sorry. I take that back. It was written by Justice Pope. Harold Pope. Correct. With Justices Neck and Cook concurring. Yeah. And Jim Connect or Justice Connect, rather, was on the other case, Grady. Correct. And, Judge, what I would say is I would say in terms of what Grady means and interpreting Grady, I would say look directly to the language in Grady. And I quote, any judgment that exceeds $50,000 shall be reduced to $50,000 if the damages sought did not exceed $50,000. I think what that language is telling you, a careful reading of Grady will say that Grady reduced the verdict in that case to $50,000 for two reasons. One, there wasn't any affidavit pursuant to Rule 222. And two, the amount of the damages sought were not in excess of $50,000 and did not put the defendant on notice that that's the exposure that he was facing. So I think you have to read Grady more carefully than I think the trial court and defendant does. And you have to look at Grady and look at the facts in Grady. And I think that Grady is clearly limited to cases that seek damages not in excess of $50,000. Just one last. Sure. Do you agree that if a default judgment is entered and the case was initially one seeking less than $50,000 and a verdict is returned or finding in excess of $50,000, do you agree that in that instance the excess portion of the decision or the judgment is void? No. I believe that it can be reduced on motion post-judgment to $50,000. And I think that's what Grady tells us. Yeah. I don't believe it's void. You don't believe it's void. I do not. Along the lines of something that's voidable. Correct. Well, what about that earlier case, that Gore case? Do you think that that, you know, it was a default judgment and the court used this language there that, you know, any portion over when it wasn't sought originally is void? I don't believe that the judgment in this case was void. And I don't believe, because of the arguments I've previously made on Rule 222 and the clear addendum in this case, I don't think the court lacked jurisdiction to enter a judgment more than $50,000. Okay. And I guess to follow up that argument, briefly, I've talked about it in my brief, I don't believe this was a void judgment in this case. No, you didn't argue that. I don't believe there can be a credible argument that there was no personal jurisdiction over Mr. Connolly. I don't believe a credible argument can be that there's no subject matter jurisdiction for the court over this. And I think the court had the jurisdiction to enter the judgment in the amount it entered it. I think clearly the addendum in the case took it outside of Rule 222. And I think adopting the interpretation of Rule 222, which plaintiff is urging, I'm sorry, which defendant is urging, would essentially open up every single judgment entered in any case without a Rule 222 affidavit attached to the complaint indefinitely. Judgments that have long ago been paid could be challenged if the court considers or decides that this is a void judgment. And I can say in my experience, practicing law for more than 25 years here in Cook County and the collar counties, I have run across a handful of Rule 222 affidavits in my career. Well, like I said, your interpretation is not the one that they entered in Grady. However, we'll hear from your opponents about that. I'm not certain that the rule necessarily does apply like you've suggested, but in any event. I would suggest, and just as a practical matter, I don't believe the language of Rule 222 puts most attorneys on notice of a rule that requires a Rule 222 affidavit attached to every case filed seeking damages. I think once an attorney, a reasonable attorney, reading Rule 222A and its applicability says to himself, all right, it doesn't apply to all cases, only certain cases. So if I file one of those certain cases, I better make sure I have an affidavit. If not, I don't know how B can require you to file one in all cases. Finally, just in wrapping up, if the court believes that this judgment is not a void one, but a voidable one, I've addressed it in my brief, and I'll briefly say that I don't believe the record is... But you couldn't attack it 30 months later if it were voidable? Correct. That's correct. Any further questions? Thank you, Your Honor. House, would you? Good morning. Please report. My name is Kevin Goss, which I represent the appellant. Defendant, John Count. What about this nature of an order entered in this case? Generally, void orders happen when the court doesn't have jurisdiction. I'm sorry, Your Honor. What is your response that this isn't a void order? Well, I think according to the clear language in Grady, it is a void order. The rule, at least that we established from Grady, is anything in excess of $50,000 that does not have the 222B affidavit accompanying it shall be reduced, meaning there cannot be a judgment entered in excess. And if there is, it has to be reduced to $50,000. Does that make it void, just because the rule says it has to be reduced? It does make it void, Judge. Whether anybody actually comes in and asserts that may be a different matter. So did the court lack jurisdiction over just the portion that was in excess of $50,000? Is that what would be the rule here? Yes, Your Honor. There is no jurisdiction to enter a judgment in excess of $50,000. All right. But the court has initial jurisdiction to hear the complaint, rule on it, and proceed. I would agree with that position. Because normally, once the court has jurisdiction, which we get from the Constitution, we don't get it from a Supreme Court rule. Once a court has jurisdiction, it normally isn't ousted because of some error in a rule of law or fact. So how do we get to this being void? Because normally, I think it's maybe voidable in a situation where there's a request for less than $50,000. But I'm not sure I agree that the portion is even void that's in excess because I don't think the court was ousted of its jurisdiction here. But we have seen matters where the court is ousted of their jurisdiction. I think the court was ousted of its jurisdiction over any amount in excess of $50,000, especially with respect to the cases with addendum clauses, cases that are small claims cases that are filed. Cannot exceed $10,000. We don't have any cases on this other than Grady. With respect to specifically 222B, Judge, I agree. Grady is the court that has to date interpreted 222B. And in that case, you would agree that there was a request initially for $15,000. It wasn't a request for $50,000. The addendum clause that was filed was an amount in excess of $15,000. And in this case, you don't contest that the complaint requested in excess of $50,000. I do not, Judge. The complaint states on its face that there was an excess of $50,000 paid for. Do you agree that one of the purposes of the rule is to make sure or to avoid a situation where someone is under the impression that they're going to be limited to $50,000 in damages and then afterwards a surprise of $100,000? Is that the purpose of the rule? Judge, I believe there's two purposes to this rule. Counsel addressed the issue, and at the very beginning of this thing, this Rule 222 is titled Limited and Simplified Discovery in Certain Cases. And if the affidavit that is required under 222B is filed properly, and if that affidavit requests damages that do not exceed $50,000, then Rule 222 applies and Limited and Simplified Discovery rules are used in that case. Well, if we look at ordinary rules of statutory construction, his interpretation is actually probably more reasonable than yours, because A specifically says the rule applies to all cases subject to mandatory arbitration, civil action seeking money damages in excess of $50,000, and to cases for the collection of taxes not in excess. This rule does not apply to small claims, ordinance violations, and whatever. And then it says, except as otherwise provided by this rule, the general rules governing discovery remain applicable to cases governed by this rule. Then and only then does it say any civil action seeking money damages shall have a tax. So if you read all the provisions together, B only applies to cases where you're actually seeking less than or seeking not in excess of $50,000. I respectfully disagree, Your Honor. I believe that if that was the case, there would only be an affidavit required calling for an amount less than $50,000. This will be, tells the litigants. But if the rule doesn't apply to a case where there's a request for $50,000, how can you have the applicability of all these other provisions? Because the affidavit determines whether the rule applies or it does not apply. So doesn't the complaint, if the complaint seeks $50,000 or more, doesn't that tell you right there that it doesn't apply? Not according to this rule. Because it says so. It applies to all cases not in excess. So if the person or the entity that's filed the complaint seeks more than $50,000, the rule says in the first line that this doesn't apply. The rule says that discovery, limited discovery, does not apply to a case that seeks in excess of $50,000. No, it says this rule. It doesn't talk about discovery. It says this rule. But this is only a discovery rule, Your Honor. I'm sorry. I understand. But it says this rule applies to all cases. It's not about, you know, we're in discovery, blah, blah, blah. It's talking about the rule itself. Anyway, I'm just saying that I think there's another reasonable interpretation to the rule as opposed to the one that you placed on it. I understand, Your Honor. That is not the interpretation of Brady. All right. What about that whole line of cases that talks about mandatory versus discretionary? In other words, something becomes mandatory if, now this is a Supreme Court rule, but if a piece of legislation doesn't have a provision as to what happens if you don't file the affidavit, then it's merely a discretionary suggestion. Whereas if the rule says if you don't file this affidavit and you're seeking more than $50,000, your judgment over $50,000 will be voided or will be void. And I believe that's exactly what the rule says. If the damages are in excess of $50,000, that shall be reduced to $50,000. And I think Brady interpreted that as such and reduced it as such in conformance with 222B. I believe 222B, again, Judge, requires not just whether you say we're seeking less than $50,000, therefore we request the provisions of Rule 222 discovery. It also requires an affidavit that says we're seeking in excess of $50,000, which then eliminates the requirements or the necessity of even considering 222 anymore. But one thing that you've kind of not discussed is the sentence that precedes any judgment on such claim which exceeds $50,000 shall be reduced post-trial to an amount not in excess. Just prior to that, the sentence says if the damages sought do not exceed $50,000. So there's clearly a clause that is specific when it refers to the judgment, and it's only in those damages sought do not exceed $50,000. If the judgment or if the damages sought do not exceed $50,000, this rule shall apply. And then it says any judgment on such claim which exceeds. So I think there's no question that the third sentence relates to the second sentence. I think the great interpretation for that was if the damages sought, and this 222B is all referring to the affidavit. If the damages sought within that affidavit do not exceed $50,000, then the judgment shall be reduced to $50,000. That's the great interpretation. Yeah, another part of the rule says that you can amend the affidavit at any time. It does, Your Honor, which is perfect going into this case. We keep hearing about how unfair this is and how it's going to open up a whole can of worms all over the whole state. Well, I'm not sure about that. I don't think we're really concerned with that. I do think we're concerned, though, with if one of the purposes behind the rule is to prevent someone from seeking less, getting a larger judgment, and then trying to seek that same amount, as opposed to the situation here where the defendant was advised early on that the plaintiff was seeking in excess of $50,000. I understand. I think the purpose of the rule is, is it fall within the discovery or does it not? And if you are seeking that discovery, you have to file this affidavit. If you're not, you have to file this affidavit. If that affidavit is not filed, the judgment shall be reduced. That's the rule. Yeah, except the rule tells us at the very beginning that, you know, it only applies to certain cases. So I'm not sure that the interpretation that the trial court or even the Fourth District put on this case requires an affidavit if the rule, if it's a case not seeking in excess. If it's a case seeking in excess of $50,000, I'm not sure there's any requirement for an affidavit. The affidavit requires you to say, Your Honor, whether you are seeking less than $50,000 or you are seeking more than $50,000. Right, but it comes in the second clause. It doesn't make sense the way it was written to interpret it that way. The rule limits itself immediately. So I'm not sure that the, if they wanted to suggest that every case has to have an affidavit, they wouldn't have put it in this rule that's entitled limited and simplified discovery in certain cases. We kind of have to look at the whole rule. We have to read every paragraph to try to make sense of the whole thing. And I'm just saying I'm not sure that B applies in every civil case simply because it was, you know, put in a provision after paragraph A, which says applicability. Judge, I think B doesn't apply to every civil case. It applies to any civil action seeking money damages, shall have attached to the initial plea in the party's affidavit that the total of money damages sought does or does not exceed $50,000. It's not any civil action. It's civil action seeking money damages. And you have to express which money damages are being sought in that affidavit according to Rule 222, specifically Rule 222B. Yeah. I understand your interpretation. I also don't think that if a court enters an order where there's no affidavit, that the portion of the judgment in excess is void. I think it's voidable, and I think it can be attacked, but I don't think that the court ever lost jurisdiction here. And I don't think it lost jurisdiction simply because an affidavit wasn't filed. I don't believe that the principles of subject matter jurisdiction would hold true in this case. I think, though, that if someone were to come in like they did in the Charles case, or rather, I'm sorry, that other case, Grady, that the court could void that portion of the judgment. But I don't think it's void, even though the language says that. I don't think the court loses jurisdiction because of a rule, and I don't think the judgment amount is void, but I do believe it's voidable. So, I mean, here the court said void. Well, the cases say that we can determine whether or not an order is void or not. We determine whether or not the court has jurisdiction of the parties, of the subject matter, or whether the court entered an order that it was not authorized to enter. Why do you think this order is void? If we rely on the only case that interprets it, Justice. I think the parties have the right to rely on the only case. Grady was a case where the judgment was attacked within 30 days, and there's a difference between being voidable and void, and I think your opponent would probably make that distinction. So what we're saying, I think, is that the court has jurisdiction from the Constitution. There's a rule here trying to regulate the behavior of parties in certain cases, but once the court attaches jurisdiction, what is it about this order? Which category? How do you say that this is void? The rule doesn't say the court does not have authority to enter a judgment, does it? It does. It says that it shall be reduced. It has the authority to enter up to a $50,000 judgment. So it could come in that third little snippet that Justice House pointed out. That would be your argument. What does that division again say? The court entered an order that it was not authorized to enter. Correct. So under the rule, you would certainly argue that in this case, because it was over $50,000 and because there was no affidavit, the court entered an order it didn't have authority to enter. Correct. The judge shall reduce. The judge didn't reduce. Well, suppose, and let's just do a hypothetical. In Grady, they came in on a motion to reduce it. Suppose the party did not come in on such a motion. Would the order then still be valid? Wasn't there a further court order required to knock that judgment out? I think the court is required to knock the judgment out, but the court did not. In every case, what is a court going to do is make a mistake? They do. Doesn't it kind of read that if it's not reduced, the court certainly had jurisdiction to enter it. It should be perhaps reduced. Because it's really voidable, not void. But anyway, it's only voidable, though, if the rule applies and the affidavit is required. And if it's voidable, would you agree that you can't challenge it 30 months later? If it's voidable, Judge? Yeah. You can't come in after 1401, six months later, 30 months, however long it was in this case. 1401 requires the filing under the normal dictates of 1401. It says two-year limit. That's correct. You came in under the void idea. And the trial judge did agree. Arguably, whether 21401 even applies to void judgment, I don't know. Well, you can attack a void judgment at any time. Correct. And that's what 21401 says. You don't have to satisfy the dictates of 21401. You can attack it solely on the basis of void and jurisdiction purposes. And that's what is being attacked here. Anything further that you wish to add? I think you just addressed my argument with respect to 21401. Counsel did say that we lacked the dictates of 21401. I think that argument was clearly addressed by Judge Clifford. Everyone agreed that this was being attacked based solely on the basis of the being void. The excess amount being void. Yes. Yes, absolutely. And if there's no other questions. All right. Thank you. Thank you. Mr. Bartolau. I think you can discern the intent of the Supreme Court in acting this rule and all their other rules by looking at two things. First, had the Supreme Court intended to enact a rule that required lawyers to attach a 222 affidavit to every complaint they filed, I believe they would have done it in a separate rule so that it was easily understandable that it applied to all cases. And two, I don't think they would have gone out of their way in Rule 222 to start with Paragraph A. This rule applies only to certain cases. Do the local rules require affidavits? Wasn't there some discussion of that in these briefs? No. Local circuit court rules? I don't believe the local circuit court rules require this affidavit, Judge. I thought there was some. Not from me. Okay. And I believe you have to read the rule organically. I think the discussion about the local circuit court rules had to do with what the damage levels were to go to different divisions. I did discuss how they allocate various cases depending on the damage request. That's correct. The case that was filed at Law Division Municipal here in Cook County was the law magistrate's designation. Well, is it based on a complaint or something else? No, it's based on a complaint. And this case was not only filed as a Law Division case. It was accepted and designated as a Law Division case, and the parties treated it that way. So right from the beginning, everyone recognized from the rules designating what complaints are and how they're signed and how they're handled in the court, this was an excess of 50,000 Law Division complaints from the beginning. You're not aware that this is some routine practice that everyone is filing affidavits when they're seeking more than 50,000? No. I can tell you in my 27 years of experience doing this, Judge, I've seen a handful of them. It's routinely not done. And I don't believe very many lawyers believe that an affidavit has to be attached to those kinds of complaints. I would say this. Read the rule. I believe the rule is designed to protect litigants, and I believe it's designed to protect primarily plaintiffs, because plaintiffs file the lawsuits. In personal injury cases, the vast majority of those are handled on the plaintiff's side by a contingent fee lawyer. And filing the affidavit under Rule 222 triggers the mechanisms that are laid out in Rule 222 for limited discovery, and it protects. What's the point of that language in the rule that says that they're either seeking 50,000 or less? What does it say? Let's see. Any civil action seeking money damage shall have attached the party's affidavit the total of money damages sought does or does not exceed 50,000. That's any civil action that the rule applies to, not all civil actions. I don't believe the Supreme Court intended to bury a general proposition that covered all lawsuits in Rule 222. So I think my view of Rule 222 is to affect what I believe its purpose is, is if you want to be protected as a plaintiff filing a case for less than $50,000 and the plaintiff's attorney, if you want to have the protections of limited discovery in your case, trigger the protections by filing the affidavit. That's correct. And finally, this is a verified complaint. Or to the contrary, if you're in a position where you think you want to do a lot of discovery, you can file it in the other direction and say, okay, we're going to do all this discovery. I think that's why because most defendants are paid on an hourly basis, defense lawyers are paid on an hourly basis, that's why they don't get a chance to file these affidavits. And the protection is clearly directed to the plaintiff and the plaintiff's bar, I think. Finally, this is a verified complaint with an addendum that says we're asking for an excess of $50,000. That is as close to an affidavit of damages that you're ever going to get. Is the complaint verified? It is. So are you arguing that it's in effect an affidavit? Judge, I'm saying that when you look at this from 30,000 feet, the purpose of the rule Beside the complaint, the lawyer or the plaintiff? The plaintiff. Correct. That's right. It's verified by the plaintiff. Any further questions? No. Thank you. We thank you both for your comments today. The case was well-argued and well-briefed, and we will take it under advisement if that improves our rules for today. Thank you both. Thank you, Counsel.